UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOSEPH E. WINDMEYER, ET AL.                    CIVIL ACTION

VERSUS                                         NO. 13-6557

STATE FARM FIRE & CASUALTY COMPANY             SECTION  "J" (3)

ORDER

On May 28, 2014, Plaintiff's Motion to Quash Subpoena Duces Tecum as to Neil Hall and Associates and/or Motion for Protective Order [Doc. #47], the Motion to Compel More Complete Answers to Interrogatories and Rule 37.1 Certification [Doc. #50] and the Motion to Compel More Complete Responses to Request for Production of Documents and Rule 37.1 Certification [Doc. #51] came on for oral hearing before the undersigned.  The parties had earlier argued State Farm's Motion to Compel as to Subpoenas Duces Tecum Served Upon Carr Public Adjusters, L.L.C. [Doc. #29] – a companion motion to the aforementioned motion to quash. Present at both hearings were Jesse Hearin and Allison Baker on behalf of plaintiffs and Adrianne Baumgartner and Darrin O'Connor on behalf of defendant.  After the oral hearing, the Court took the motions under advisement.  Having reviewed the motions, the oppositions and the case law, the Court rules as follows.

I.      Background

Plaintiffs Joseph E. Windmeyer and the Windmeyer Law Firm L.L.C. ("plaintiffs) filed suit in the 24th Judicial District Court for the Parish of Jefferson. Plaintiffs assert claims for unpaid property damage and loss of business income from a law practice.  Plaintiffs allege that the losses occurred as a result of Hurricane Isaac's damage to plaintiffs' office building located at 2313 North Hullen Street in Metairie, Louisiana. Plaintiffs are insured under a business policy issued by State Farm Fire and Casualty Company which was in effect on the date of the loss. State Farm timely removed this matter from the 24th Judicial District to this Court on December 3, 2013.  In the petition, plaintiffs allege that they "[s]pent over $100,000 on necessary repairs and other costs as a direct result of the damage caused by the covered cause of loss," while State Farm has paid them only $9,711.20.  Plaintiffs seek additional sums for loss and damage to the property, damages for mental anguish and distress as well as penalties and attorneys' fees pursuant to Louisiana Revised Statutes §§ 22:1892 and 22:1973.

## II.     The Motions

### A.     State Farm's Motion to Compel as to Subpoenas Duces Tecum Served Upon Carr Public Adjusters, L.L.C. and the Plaintiffs' Companion Motion to Quash Subpoena Duces Tecum as to Neil Hall and Associates and/or Motion for Protective Order

State Farm served a subpoena on Carr Adjusters on January 31, 2014.  Counsel for plaintiffs responded, producing photographs on a compact disc, 38 photos dated September 20, 2012 and 39 photos dated November 11, 2012.  Counsel then agreed to produce Carr Adjusters' file and a privilege log for those items withheld.  The privilege log identified 35 documents withheld: a report of Neil Hall, one fax transmission and 33 e-mails of which Earl Carr, Pennie Carr and/or Zachary Carr were either the author or source and/or the recipient.  Counsel also forwarded 496 documents that included 278 photographs.

2

State Farm contends that the documents withheld on the ground of the work-product privilege were not prepared in anticipation of litigation.  It first notes that all of them were created at least one month before plaintiffs sued, most of them between October 2012 and June 2013.  It maintains that all of them were made for the purpose of claims investigation and adjustment, not for the purpose of obtaining or rendering legal services.  State Farm argues that the documents were part of Carr Adjusters' routine course of business.  State Farm contends that there is no evidence that the documents were prepared by or for attorneys or that the motivating purpose behind the document was the anticipation of litigation.  State Farm also notes that they now seek all of Carr Adjusters' documents related to plaintiffs' claims after Hurricane Katrina, even those that did not result in litigation.

Plaintiffs argue that they and Carr Adjusters began to anticipate litigation on October 22, 2012, when State Farm issued them a check for approximately $9,000.00 and indicated that amount was all that it was going to pay.  Plaintiffs contend that everything after that date was created with an eye to potential litigation. After State Farm denied their claim, plaintiffs argue, Carr Adjusters was no longer presenting its claim to State Farm as an adjuster in the ordinary course of business.

Plaintiffs are amenable to producing some of the items on the privilege log, including communications regarding correspondence exchanged with State Farm and related to plaintiffs' appraisal demand.  Plaintiffs maintain that all of the other documents are protected, including those related to the retention of counsel.

Plaintiffs also note that they only hired Neil Hall after State Farm hired Nelson Architectural Engineers, a well-known defense-oriented adjusting firm.  Hall was hired to prepare a report as to the cause of the loss and necessary repairs.  If Hall is designated as an expert, his final report will

be produced in accordance with the scheduling order.  Plaintiffs contend that draft expert reports are non-discoverable under the rules, and Hall's current report is a draft.

On April 3, 2014, State Farm served a subpoena duces tecum on Neil Hall and Associates. Hall's communications with Carr Public Adjusters, L.L.C. ("Carr") are in the documents that plaintiffs produced to the Court for *in camera* review in relation to State Farm's earlier motion to compel Carr.

Citing Rule 26, plaintiffs argue that State Farm is not entitled to the privileged Hall documents because they retained Hall in anticipation of litigation and have not yet designated him as a testifying expert.  Even if they designate Hall as a testifying expert, they again argue, his draft reports are not discoverable.

In a discovery request, State Farm asked plaintiffs what physical damages they sustained and the total dollar amount necessary to repair and to replace the damages sustained.  As part of their response, plaintiffs stated that responsive documents include Neil Hall's report.  And plaintiffs included Neil Hall's fees as part of their damages.  State Farm recognizes that plaintiffs will produce Hall's report if they decide to designate him as a testifying expert.

Citing Rule 26, State Farm argues that exceptional circumstances exist here to require the production of Hall's report.  Those circumstances exist because plaintiffs rely on Hall's report as evidence of their damages and loss.  State Farm contends that plaintiffs can not have it both ways: They can not rely on the report to support their claims but also refuse to produce the report because Hall is not yet designated to testify at trial.

In their reply, plaintiffs argue that State Farm has not demonstrated exceptional circumstances.  Plaintiffs ultimately produced over 300 documents to the Court for *in camera*

review, organized as Exhibits A, B, and C.

The work-product doctrine is codified in Rule 26(b)(3) of the Federal Rules of Civil Procedure. *Conoco v. Boh Bros. Constr. Co.*, 191 F.R.D. 107, 117-18 (W.D. La. 1998). This doctrine protects from discovery documents and other tangible things prepared by a party or representative of a party, including attorneys, consultants, agents, or investigators, in anticipation of litigation. *Id.* at 118; *see also Hickman v. Taylor*, 67 S. Ct. 385, 393-94 (1947). The work-product doctrine does not protect materials assembled in the ordinary course of business, pursuant to regulatory requirements, or for other non-litigation purposes. *Nat'l Union Fire Ins. Co. of Pittsburgh, Pa. v. Murray Sheet Metal Co., Inc.,* 967 F.2d 980, 984 (4th Cir. 1992); *Guzzino v. Felterman*, 174 F.R.D. 59, 63 (W.D. La. 1997) (citing *United States v. El Paso Co.*, 682 F.2d 530 (5th Cir. 1982). The party who is seeking the protection of the work-product doctrine has the burden of proving that the documents were prepared in anticipation of litigation. *Boh Bros.*, 119 F.R.D. at 117; *In Re Leslie Fay Cos. Sec. Litig.*, 161 F.R.D. 274, 280 (S.D.N.Y., 1995).

The threshold determination that the court must make is whether the documents sought to be protected were, in fact, prepared in anticipation of litigation or whether they were prepared in the ordinary course of business. *Upjohn Co. v. United States*, 101 S .Ct. 677 (1981); *Caremark, Inc. v. Affiliated Computer Sys., Inc .*, 195 F.R.D. 610, 614 (N.D. Ill. 2000). The Fifth Circuit has indicated that a document is prepared in anticipation of litigation "as long as the primary motivating purpose behind the creation of the document was to aid in possible future litigation." *United States v. Davis*, 636 F.2d 1028, 1039 (5th Cir. 1981). To determine the primary motivation for the creation of a document, courts look to various factors, including, "the retention of counsel and his involvement in the generation of the document and whether it was a routine practice to prepare that

5

type of document or whether the document was instead prepared in response to a particular circumstance." *Elec. Data Sys. Corp. v. Steingraber*, 2003 WL 21653414, *5 (E.D. Tex. 2003) (citing *Piatkowski v. Abdon Callais Offshore, LLC*, 2000 WL 1145825, *2 (E.D. La. 2000). "The involvement of an attorney is not dispositive of the 'in anticipation of litigation' issue. Nevertheless, involvement of an attorney is a highly relevant factor . . . making materials more likely to have been prepared in anticipation of litigation." *Wikel v. Wal-Mart Stores, Inc.*, 197 F.R.D. 493, 495 (N.D. Okla. 2000).

However, the fact that a defendant anticipates litigation resulting from an incident does not automatically insulate all documents from discovery as work-product. *Id.* "If the document would have been created regardless of whether litigation was expected to ensue, the document is deemed to have been created in the ordinary course of business and not in anticipation of litigation." *Elec. Data Sys.*, 2003 WL 21653414, *5 (citing Wright & Miller, Fed. Practice & Procedure § 2024). "The mere contingency that litigation may result is not determinative. If in connection with an accident or an event, a business entity in the ordinary course of business conducts an investigation for its own purposes, the resulting investigative report is produceable in civil pre-trial discovery." *Binks Mfg. Co. v. Nat'l Presto Indus., Inc.*, 709 F.2d 1109, 1119 (7th Cir. 1983)  (quoting *Janicker by Janicker v. George Washington University*, 94 F.R.D. 648, 650 (D.D.C. 1982)).

The Court's *in camera* review of the documents reveals that the majority of the documents are documents sent from or to State Farm itself, the underlying insurance policy, appraisals, invoices, innocuous e-mails, and even a public opinion from this federal court.  It is well-established law that underlying facts are not protected by a legal privilege.  *In re Bertucci Contracting Co., L.L.C.*, Civ. A. No. 12-664, 2014 WL 2204086, *5-6 (E.D. La. May 27, 2014).  Invoices and damage

figures are underlying facts.

However, because the Court finds that plaintiffs – as a lawyer and a law firm familiar with litigation (especially litigation in this district against insurance companies after a hurricane) and the legal privileges – reasonably anticipated litigation on October 22, 2012 (when State Farm essentially denied the majority of their claim), the Court finds that some of the documents are privileged. Documents labeled "In Camera 025" and " In Camera 068" are e-mails protected by the work-product doctrine.  Documents labeled "In Camera 307-338" are a draft expert report by Neil Hall. As such, it is protected by the work-product privilege.  Fed. R. Civ. P. 26(b)(4)(B).  Plaintiffs shall turn over any final report by Hall should they designate him as an expert to testify at trial in accordance with the District Court's Scheduling Order.   Apart from these documents, the Court finds that all of the other documents are discoverable.  Accordingly,

**IT IS ORDERED** that State Farm's Motion to Compel as to Subpoenas Duces Tecum Served Upon Carr Public Adjusters, L.L.C. [Doc. #29] and the Plaintiff's Motion to Quash Subpoena Duces Tecum as to Neil Hall and Associates and/or Motion for Protective Order [Doc. #47] are GRANTED IN PART and DENIED IN PART as outlined above.  Plaintiffs shall produce all of the unprotected documents **no later than seven (7) days from the date of this Order**.

### B.   Motion to Compel More Complete Answers to Interrogatories and Rule 37.1 Certification and the Motion to Compel More Complete Responses to Request for Production of Documents and Rule 37.1 Certification

State Farm challenges the sufficiency of many of plaintiffs' responses to its discovery requests.  The Court resolves the interrogatories as follows:

Int. No. 1:     Plaintiffs shall respond.  The objection is specious.

Int. No. 3:     The Court finds that this interrogatory is not reasonably calculated to lead to

7

the discovery of admissible evidence.  Plaintiffs need not respond.

Int. No. 4:    Plaintiffs shall supplement their response, should supplemental information

exist (except with regard to the draft report of Neil Hall).

Int. No. 10:    Plaintiffs' response is sufficient.

Int. No. 11:    Plaintiffs' response is sufficient.

Int. No. 13:    Plaintiffs need not respond to this interrogatory at this time as the request is

premature.  Plaintiffs shall respond to this interrogatory as required by the

District Court's Scheduling Order.

Int. Nos. 16, 18, 19, and 23:

Plaintiffs need not respond to these requests as they no longer assert a loss-

of-business claim.  Plaintiffs shall respond to these requests, however, to the

extent that they assert a claim for the loss of rent from a tenant.

Int. No 20:    Plaintiffs' response is sufficient.

Int. No. 25:    Plaintiffs' response is sufficient.

Int. No. 27:    Plaintiffs' response is sufficient.

Int. No. 28:    Plaintiffs' shall supplement their response to this interrogatory should they

know the identities of the State Farm representatives.

Int. No. 29:    Plaintiffs' response is sufficient.

Int. No. 30:    Plaintiffs' response is sufficient.

The Court further resolves the Requests for Production ("RFP") as follows:

RFP Nos. 1, 2, 3, 6, 7, 9, 11, 13, 15, 24, and 28:

Plaintiffs shall supplement their responses to these RFPs, should further

responsive documents exist. These RFPs are reasonably calculated to lead to the discovery of admissible evidence.  (The production ordered above will resolve the majority of these disputes.)

RFP Nos. 4 and 5:

Plaintiffs need not respond to these RFPs at this time as the request is premature.  Plaintiffs shall respond to these RFPs as required by the District Court's Scheduling Order.

RFP No. 8:     Plaintiffs need not respond further to this request as it is not reasonably calculated to lead to the discovery of admissible evidence.

RFP Nos. 14, 16, 18-23:

Plaintiffs need not respond to these requests as they no longer assert a loss-of-business claim.  Plaintiffs shall respond to these requests, however, to the extent that they assert a claim for the loss of rent from a tenant.

## III.     Conclusion

For the foregoing reasons,

**IT IS ORDERED** that State Farm's Motion to Compel as to Subpoenas Duces Tecum Served Upon Carr Public Adjusters, L.L.C. [Doc. #29], Plaintiff's Motion to Quash Subpoena Duces Tecum as to Neil Hall and Associates and/or Motion for Protective Order [Doc. #47], the Motion to Compel More Complete Answers to Interrogatories and Rule 37.1 Certification [Doc. #50] and the Motion to Compel More Complete Responses to Request for Production of Documents and Rule 37.1 Certification [Doc. #51] are GRANTED IN PART and DENIED IN PART as outlined above.

New Orleans, Louisiana, this 19th day of August, 2014.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**